IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

August 18, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

WANDA GAIL REVELS (KIRK)     )     HAMILTON COUNTY
                             )     03A01-9803-CV-00104
        Plaintiff-Appellee   )
                             )
                             )
        v.                   )     HON. ROBERT M. SUMMITT,
                             )     JUDGE
                             )
L. E. REVELS, JR.            )
                             )
        Defendant-Appellant  )     AFFIRMED AND REMANDED


MITCHELL A. BYRD OF CHATTANOOGA FOR APPELLANT

JOHN R. MORGAN OF CHATTANOOGA FOR APPELLEE


O P I N I O N


                                        Goddard, P.J.


        Responding to a motion pursuant to T.C.A. 26-2-216

relative to installment payments to stay garnishments, the Trial

Court ordered L. E. Revels to pay the sum of $250 per month on a

judgment previously rendered against him in the amount of

$39,508.50, which represented his delinquency as to alimony

payments.

By his appeal he insists the Trial Court did not have authority to require him to pay more than the amount his former wife, Wanda Gail Revels (Kirk), would be entitled to receive by garnishment of his military retirement.

Before proceeding further, it should be pointed out that Mr. Revels terminated payment of alimony after his wife remarried prior to the 1994 amendment to T.C.A. 36-5-101, which terminated alimony automatically upon remarriage.

The facts pertinent to disposition of this appeal will now be detailed.

Mr. Revels is a retired veteran who, according to his testimony, is unable to work. His income consists of a military pension in the amount of $1134, of which amount he was, at his request, granted a waiver which reduces the amount of his military pension, but increases dollar for dollar the amount of his V.A. disability pension.[1] After the waiver, Mr. Revels was left the sum of $431 as disposable income under the Federal

---

[1]    In Mansell v. Mansell, 490 U.S. 581 (1989), the United States Supreme Court explained why a military retiree might make such an election:

> In order to prevent double dipping, a military retiree may receive disability benefits only to the extent that he waives a corresponding amount of his military retirement pay. [38 U.S.C. §3105 (1982 ed. & Supp. V)]. Because disability benefits are exempt from federal, state, and local taxation, [38 U.S.C. §3101(a) (1982 ed. & Supp. V)], military retirees who waive their retirement pay in favor of disability benefits increase their after-tax income. Not surprisingly, waivers of retirement pay are common.

Statutes.  Of this amount $45.18 is withheld for taxes.  Thus, he receives from his military pension as disposal income either $431 or $385.82 per month.  In addition, he receives Social Security income in the amount of $842 per month.

Mr. Revels concedes that under the Federal law Mrs. Kirk would be entitled by garnishment to 65 percent of his disposable income as defined by Federal law.  This would be 65 percent of $431, or 65 percent of $385.82 upon deducting withholding tax.  This we calculate to be $280.15 and $250.78, respectively.  Thus, even if Mr. Revels' major premise is correct, the Trial Court's judgment of $250 was less than Mrs. Kirk would be entitled to by garnishment.

Mr. Revels also argues that under the Tennessee Garnishment Statute Mrs. Kirk would only be entitled to $96.45.  This is 25 percent of Mr. Revels' disposable income, which he contends is $385.82.  The fallacy of this argument, however, is that the Installment Pay Statute does not purport to limit the amount of the award by the Trial Court to the amount that could be obtained by garnishment.

In reaching our decision, we have not overlooked Gilliland v. Stanley, an unreported opinion of this Court filed in Jackson on April 16, 1997, which Mr. Revels relies upon for the argument that the Trial Court is limited by the amount Mrs. Kirk could receive by garnishment.  First, we find the case

inapposite in that the award sought to be modified was held to be a division of marital property, not alimony, and as such not subject to revision. Second, we do not accept Mr. Revels' insistence that this case holds an award under the Installment Payment Statute cannot exceed an amount a party would be entitled to by garnishment which, in all deference to counsel, we do not find the case to hold.

We find the limitations as to garnishment both under the Federal and State Statutes do not preclude the Trial Court from setting a higher amount, and that the $250 set by the Trial Court is less than the amount Mrs. Kirk could receive by garnishment under Federal Statutes.

We also point out that if Mr. Revels is correct and Mrs. Kirk would receive a lesser amount by garnishment, he can stop making the $250 payments ordered by the Trial Court, resulting in Mrs. Kirk receiving a lesser amount by garnishment.[2]

Mrs. Kirk's application on appeal for fees and costs, other than court costs, is denied.

---

[2] **26-2-216. Installment payments to obtain stay of garnishment -- Service of garnishment summons.--** (a)(1) . . . The filing of such motion by the debtor shall stay the issuance, execution or return of any writ of garnishment against wages or salary due the judgment debtor or any other funds belonging to the judgment debtor sought to be substituted to the satisfaction or payment of or upon such judgment during the period that such judgment debtor complies with the order of the court.

4

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for the collection of costs below.  Costs of appeal are adjudged against Mr. Revels and his surety.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Don T. McMurray, J.


_____
William H. Inman, Sr.J.